Steven J. Moser (SM1133)
STEVEN J. MOSER, P.C.
Three School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
AUGUSTIN VALLADARES, DANIEL SANCHEZ and
MARVIN ZALDIVAR,                                          Case No.:15-cv-03398
                                                          (JFB)(AYS)
                              Plaintiffs,
                                                          **FIRST AMENDED**
              - *against* -                               **COMPLAINT**

GLEN COVE DINER, LLC, d/b/a GLEN COVE DINER,
ANDREW VOUTSINAS and BYRON N. VOUTSINAS,

                              Defendants.
----------------------------------------------------------------------------X

Plaintiffs, Augustin Valladares ("Valladares"), Daniel Sanchez ("Sanchez"), and Marvin Zaldivar ("Zaldivar"), individually and on behalf of all other similar situated, through their attorney, Steven J. Moser, P.C., bring this action against Defendants, Glen Cove Diner, LLC d/b/a Glen Cove Diner, Andrew Voutsinas, and Byron N. Voutsinas (collectively referenced hereinafter as "Defendants") and alleges as follows:

## NATURE OF CLAIM

1. This action is brought to remedy minimum wage, overtime, spread of hours, wage deductions, wage notice, and wage statement violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), New York Labor Law § 190, *et seq.* ("NYLL"), and the supporting regulations.

2. Plaintiffs seek injunctive and declaratory relief, compensatory and punitive damages, attorneys' fees and costs, and other appropriate legal and equitable relief pursuant to the FLSA, and NYLL.

**JURISDICTION**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

**PARTIES**

5. Plaintiff, Valladares, was Defendants' employee within the meaning of the FLSA, and the NYLL.

6. Valladares is a natural person who resides in Nassau County in the State of New York.

7. Plaintiff, Sanchez, was Defendants' employee within the meaning of the FLSA and the NYLL.

8. Sanchez is a natural person who resides in Nassau County in the State of New York.

9. Plaintiff, Zaldivar, was Defendants' employee within the meaning of the FLSA and the NYLL.

10. Zaldivar is a natural person who resides in Nassau County, in the State of New York.

11. Defendant, Glen Cove Diner, LLC d/b/a Glen Cove Diner., is a domestic corporation incorporated under the laws of the State of New York.

12. Defendant, Glen Cove Diner, LLC d/b/a Glen Cove Diner, maintains a principal executive office at 187 Glen Street, Glen Cove, N.Y. 11542 in Nassau County.

13. At all relevant times, Glen Cove Diner, LLC d/b/a Glen Cove Diner, has continuously been an employer engaged in an industry affecting commerce within the meaning of 29 U.S.C. § 203(d).

14. At all relevant times, Glen Cove Diner, LLC d/b/a Glen Cove Diner had annual gross volume of sales made or business done of $500,000 or more.

15. At all relevant times, Glen Cove Diner, LLC d/b/a Glen Cove Diner, has continuously been an employer within the meaning of the NYLL.

16. At all relevant times, Glen Cove Diner, LLC d/b/a Glen Cove Diner, owned and operated a dining establishment located at 187 Glen Street, Glen Cove, N.Y. 11542 in Nassau County.

17. Upon information and belief, Glen Cove Diner consists of a restaurant/diner that is open seven days a week and serves a variety of food.

18. Defendant, Andrew Voutsinas, is an employer within the meaning of the NYLL.

19. Upon information and belief, Defendant, Andrew Voutsinas, owned and operated Glen Cove Diner, LLC d/b/a Glen Cove Diner.

20. Upon information and belief, Defendant, Andrew Voutsinas, had the power to hire and fire the Plaintiffs, supervised and controlled the work and schedules and conditions of their employment, determined the rate and method of pay, and maintained records of their employment.

21. Upon information and belief, Defendants, Andrew Voutsinas, exercised sufficient operational control to be deemed Plaintiffs' employer under the FLSA and the NYLL.

22. Defendant, Andrew Voutsinas, is a natural person who resides in the State of New York.

23. Defendant, Byron N. Voutsinas, is an employer within the meaning of the NYLL.

24. Upon information and belief, Defendant, Byron N. Voutsinas, owned and operated Glen Cove Diner, LLC d/b/a Glen Cove Diner.

25. Upon information and belief, Defendant, Byron N. Voutsinas, had the power to hire and fire the Plaintiffs, supervised and controlled the work and schedules and conditions of their employment, determined the rate and method of pay, and maintained records of their employment.

26. Defendant, Byron N. Voutsinas, is a natural person who resides in the State of New York.

27. Upon information and belief, Defendant, Byron N. Voutsinas, exercised sufficient operational control to be deemed Plaintiffs' employer under the NYLL and the FLSA.

28. Defendants are subject to the hospitality industry wage order (12 N.Y.C.R.R. § 146), and its predecessor, the restaurant industry wage order (12 N.Y.C.R.R. § 136).

## LAW

*Minimum Wage*

29. Under the FLSA, employers who violate the minimum wage provision "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

30. Under the NYLL, an employee who is paid less than the minimum wage

> shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due…

NYLL§ 663(1).

31. For employees earning a weekly salary, the hourly rate is calculated by dividing the weekly compensation by the number of hours for which that compensation is intended. 29 C.F.R. § 778.112 (2013); *Santillan v. Henao*, 822 F. Supp. 2d 284, 295 (E.D.N.Y. 2011).

32. If the effective hourly rate is less than the state minimum wage, employees must be compensated at a rate that is at least equivalent to the state minimum wage rate. *See Solis v. Tally Young Cosmetics, L.L.C.*, No. 09-CV-4804 (SJ)(JO), 2011 U.S. Dist. LEXIS 35333, at *24, 2011 WL 1240341 (E.D.N.Y. Mar. 4, 2011).

33. Under the NYLL, the minimum wage was $7.25 from July 24, 2009 to December 30, 2011 and $8.00 from December 31, 2013 to December 30, 2013. 12 N.Y.C.R.R. §§ 137-1.2 & 146-1.2.

*Overtime*

34. Under the FLSA, "no employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 USCS § 207(a)(1).

35. Under the NYLL "[a]n employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek." 12 N.Y.C.R.R. §§ 137-1.3 (effective Jul. 24, 2009-Dec. 31, 2010) & 146-1.4 (effective January 1, 2011).

36. Pursuant to the FLSA, an employee is entitled to compensation for all hours worked in excess of the regular forty hour workweek at the overtime premium of one and one-half times an employee's hourly pay. 29 U.S.C. § 207.

*Spread of Hours Premium*

37. Prior to January 1, 2011, restaurant employees earning at or near the minimum wage were entitled to an additional hours pay at the minimum wage for each day in which the spread of hours exceeds 10. 12 N.Y.C.R.R. § 137-1.7.

38. On and after January 1, 2011, restaurant employees are entitled to the spread of hours premium for each day on which their spread of hours exceeds ten, regardless of the employee's regular rate of pay. 12 NYCRR § 146-1.6.

39. Where an employer fails to pay the required spread of hours premium, the employee is entitled to compensatory and liquidated damages. *Coulibaly v. Millennium Super Car Wash, Inc.*, No. 12 CV 4760 (CBA) (CLP), 2013 U.S. Dist. LEXIS 186210, at *40 (E.D.N.Y. July 9, 2013); *See Paz v. Piedra*, No. 09 Civ. 03977 (LAK) (GWG), 2012 U.S. Dist. LEXIS 4034, 2012 WL 121103, at *9 (S.D.N.Y. Jan. 12, 2012); *Benavidez v. Plaza Mex. Inc.*, No. 09 Civ. 9574 (THK), 2012 U.S. Dist. LEXIS 19206, 2012 WL 500428, at *5 (S.D.N.Y. Feb. 14, 2012).

*Deductions from Wages*

40. Under the NYLL, an employer cannot make a deduction from an employee's wages, unless they "(a) are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency … ; or (b) are expressly authorized in writing by the employee and are for the benefit of the employee …." NYLL § 193(1).

41. Nothing in the law allows an employer to deduct a uniform maintenance fee from an employee's pay. *See* 12 N.Y.C.R.R. 146-1.7.

42. In fact, the cost of laundering and maintaining uniforms is primarily for the benefit of the employer, not the employee. 29 C.F.R. § 531.3.

43. To the extent that deductions from wages for the maintenance of uniforms cause the employee to be denied overtime, or cause the employee's wages to fall below the minimum wage, there is a violation of the Fair Labor Standards Act. *Arriaga v. Fla. Pac. Farms, L.L.C.*, 305 F.3d 1228, 1231 (11th Cir. 2002); 29 C.F.R. § 531.35.

*Wage Notice*

44. Under the an employer must provide employees a wage notice at the time of hiring stating, inter alia, the employee's regular rate of pay and overtime rate. NYLL § 195(1)(a). (Hereinafter "Wage Notice").

45. Under the NYLL,

> [i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of two thousand five hundred dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate.

NYLL § 198(1-b).

*Wage Statements*

46. Under the NYLL, every employer must

> furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

NYLL § 195(3) (hereinafter "Wage Notice").

47. Under the NYLL,

> If any employee is not provided a statement or statements as required by subdivision three of section one hundred ninety-five of this article, he or she shall recover in a civil action damages of one hundred dollars for each work

week that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate.

NYLL § 198(1-d).

*Records*

48. The NYLL requires employers to make, keep, and preserve records of employment, including hours worked and wages paid, for 6 years. Employers who fail to maintain the appropriate records "bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements." NYLL § 196-a; *Gomez v. El Rancho De Andres Carne De Tres Inc.*, No. 12-CV-1264 (CBA) (MDG), 2014 U.S. Dist. LEXIS 45580, at *17-18 (E.D.N.Y. Mar. 11, 2014).

## FACTUAL ALLEGATIONS

49. At all relevant times, each Defendant was an employer as defined under the NYLL.

*Augustin Valladares*

50. Valladares was employed by Glen Cove Diner LLC d/b/a Glen Cove Diner from September of 2012 to April of 2014.

51. Upon information and belief, Defendants unlawfully deducted $40 per week from Mr. Valladares' pay to cover meals and uniforms.

52. Defendants provided Plaintiff, Valladares, with 3 clean uniforms for that week. The uniform consisted of a white t-shirt, apron, and black and white checkered pants. Defendants would send the uniforms out to be cleaned by a third-party company.

53. Plaintiff, Valladares, was paid a salary of between $420 and $430 per week. His hours consisted of 5pm to 11pm, from Monday to Friday, with one day off per week that

changed weekly. In addition, Plaintiff worked from 5pm to 2am on Saturdays and Sundays. Mr. Valladares worked approximately 48 hours per week.

54. Upon information and belief, Mr. Valladares' time was tracked through a punch card system.

55. At all relevant times, Plaintiff, Valladares, was not paid time and a half for his overtime hours.

56. Plaintiff Valladares was not paid the spread of hours premium on Saturdays and Sundays when his spread of hours exceeded 10.

57. The Defendants never provided the Plaintiff Valladares with a wage notice.

58. The Defendants never provided the Plaintiff Valladares with a wage statement.

*Daniel Sanchez*

59. Sanchez was employed by Glen Cove Diner LLC d/b/a Glen Cove Diner from May 8, 2011 to March 5, 2014.

60. Upon information and belief, Defendants unlawfully deducted $20 per week to cover meals and uniforms.

61. Defendants provided Plaintiff Sanchez with 3 clean uniforms for that week. The uniform consisted of a red t-shirt and black pants. Defendants would send the uniforms out to be cleaned by a third-party company.

62. Between May 2011 and May 2013, Plaintiff Sanchez worked as a Dishwasher, and was paid approximately $500 per week. His hours consisted of 8am to 1am, from Monday to Sunday, with no breaks, including no lunch break. Mr. Sanchez worked approximately 119 hours per week.

63. Between May 2013 and March 5, 2014, Plaintiff Sanchez worked as a Food preparer, and was paid approximately $420 per week. His hours consisted of 8am to 5pm, six

days a week with one 30-minute unpaid lunch period. Mr. Sanchez worked approximately 51 hours per week.

64. Upon information and belief, Plaintiff Sanchez time was originally tracked through timesheets. Afterwards, time was tracked through a punch card system.

65. From May 8, 2011 until May 7, 2013, Plaintiff Sanchez was paid approximately $4.20 per hour. From May 8, 2013 until March 5, 2014, Plaintiff Sanchez was paid approximately $7.77 per hour.

66. At all relevant times, Plaintiff Sanchez was not paid time and a half for his overtime hours.

67. At all relevant times, Plaintiff Sanchez was not paid for his spread of hours.

68. The Defendants never provided the Plaintiff Sanchez with a wage notice.

69. The Defendants never provided the Plaintiff Sanchez with a wage statement.

*Marvin Zaldivar*

70. Zaldivar was employed by Glen Cove Diner LLC d/b/a Glen Cove Diner from December 5, 2012 to May 5, 2013.

71. Defendants provided Plaintiff Zaldivar with approximately 2 or 3 clean uniforms for that week. The uniform consisted of a white t-shirt and black and white checkered pants. Defendants would send the uniforms out to be cleaned by a third-party company.

72. Plaintiff Zaldivar was paid approximately $375 per week. His hours consisted of 8am to 10pm on Tuesday, Wednesday, and Thursday; 8am to 11pm on Friday and Saturday; and 8am to 9pm on Sunday. In addition, Plaintiff was not provided a lunch break. Mr. Zaldivar worked approximately 85 hours per week.

73. Upon information and belief, Plaintiff Zaldivar performed various duties in the kitchen, including, but not limited to, washing dishes, preparing food, cleaning, and acting as a butcher.

74. Upon information and belief, Plaintiff Zaldivar time was tracked through a punch card system.

75. From December 5, 2012 until May 5, 2013, Plaintiff Zaldivar was paid approximately $4.52 per hour.

76. At all relevant times, Plaintiff Zaldivar was not paid time and a half for his overtime hours.

77. At all relevant times, Plaintiff Zaldivar was not paid for his spread of hours.

78. The Defendants never provided the Plaintiff Zaldivar with a wage notice.

79. The Defendants never provided the Plaintiff Zaldivar with a wage statement.

80. Defendants failed to keep accurate records of the hours worked by the Plaintiffs. As a result, Plaintiffs were not compensated for all hours worked.

**FIRST CAUSE OF ACTION**
**Minimum Wages under the Fair Labor Standards Act**
**29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 206 & 216)**

81. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

82. Defendants were required to pay Plaintiffs at a rate not less than the minimum wage as prescribed by law.

83. Defendants did not pay Plaintiffs the minimum wages to which they were entitled.

84. Defendants either knew or acted with reckless disregard as to whether their conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988). Therefore, a three year statute of limitations applies. 29 U.S.C. § 255.

85. Plaintiffs are entitled to recover unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## SECOND CAUSE OF ACTION
**Minimum Wages under Article 19 of the New York Labor Law §§ 650 et seq. and the Supporting Regulations**

86. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

87. Defendants knowingly paid Plaintiffs less than the New York State minimum wage.

88. Defendants' failure to pay Plaintiffs the New York State minimum wage was willful.

89. Plaintiffs are entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

## THIRD CAUSE OF ACTION
**Overtime Wages under the Fair Labor Standards Act
29 U.S.C. §§ 201, *et seq.* (29 U.S.C. §§ 207 & 216)**

90. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

91. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiff

92. Defendants are required to pay Plaintiffs at a rate of one and one half the regular rate for all hours worked in excess of forty (40) hours in a workweek.

93. Defendants have failed to pay Plaintiff overtime wages for all of the hours they worked in excess of 40 hours in a work week.

94. Defendants either knew or acted with reckless disregard as to whether their conduct violated the FLSA. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 100 L. Ed. 2d 115, 108 S. Ct. 1677 (1988). Therefore, a three year statute of limitations applies. 29 U.S.C. § 255.

95. Plaintiffs are entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

### FOURTH CAUSE OF ACTION
**Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq. and the Supporting Regulations**

96. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

97. Defendants are required to pay Plaintiffs at a rate of one and one half the regular rate for all hours worked in excess of forty (40) hours in a workweek.

98. Defendants willfully deprived the Plaintiffs of the overtime wages to which they were entitled.

99. Plaintiffs are entitled to recover unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

### FIFTH CAUSE OF ACTION
**Unlawful Deductions under NYLL § 193 and the Supporting Regulations**

100. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

101. Defendants deducted the costs of uniforms, and cleaning uniforms from Plaintiffs' wages.

102. Defendants willfully deprived Plaintiffs of the full amount of pay to which they were entitled.

103. Plaintiffs are entitled to recover compensatory damages, reasonable attorneys' fees and costs of the action, as well as prejudgment interest.

### SIXTH CAUSE OF ACTION
### Spread of Hours Pay under 12 NYCRR §§137 & 146

104. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

105. At all relevant times the Glen Cove Diner has prepared and offered food or beverage for human consumption.

106. Plaintiffs regularly worked a spread of hours that exceeded ten hours.

107. Defendants have failed to pay Plaintiffs additional compensation of one hour's pay at the minimum hourly wage rate for each day during which the spread of hours exceeded ten (10).

108. By Defendant's failure to pay Plaintiff and the members of the Rule 23 Class spread of hours pay, Defendants have violated the NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor regulations, specifically 12 NYCRR § 146-1.6 and its predecessor 12 NYCRR § 137-1.7.

109. Plaintiffs are entitled to compensatory and liquidated damages, as well as attorney's fees, costs, and prejudgment interest.

### SEVENTH CAUSE OF ACTION
### Wage Notice Violations under NYLL §§ 195 and 198

110. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

111. NYLL § 195(1)(a) requires an employer furnish to each employee a notice at the time of hiring or change in pay that contains *inter alia*, the rate of pay, the regular day on which

pay is dispersed, the name of the employer and its contact information, and any allowances taken.

112. Defendants failed to provide the wage notice to Plaintiffs as required by NYLL § 195(1)(a).

113. Plaintiffs are each entitled to recover damages of $50.00 for each workweek that the violation occurred, up to $2,500.00, together with costs and reasonable attorney's fees.

## EIGHTH CAUSE OF ACTION
### Wage Statement Violations under NYLL §§ 195 and 198

114. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above as though fully set forth herein.

115. NYLL§ 195(3) requires an employer furnish to each employee "a statement with every payment of wages," listing *inter alia,* the dates of work covered by that payment of wages, name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof.

116. Defendants failed to provide the wage statements to Plaintiffs as required by NYLL § 195(3).

117. Plaintiffs are each entitled to recover damages of $50.00 for each workweek that the violations occurred, up to $2,500.00, together with costs and reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Unpaid overtime pay and an amount equal to unpaid overtime as liquidated damages under the NYLL and the FLSA;

B. Unpaid minimum wages and an amount equal to unpaid minimum wages under the NYLL and the FLSA;

    C. Compensatory damages for unlawful deductions;

    D. Spread of hours pay;

    E. Liquidated damages on all NYLL Claims;

    F. Civil damages in the amount of $50 per week for each violation of the notice provisions of NYLL § 195, up to a total of $2,500;

    G. Civil damages in the amount of $100 per week for each violation of the wage statement provisions of NYLL § 195, up to a total of $2,500;

    H. Reasonable attorney's fees and costs of the action;

    I. Prejudgment interest; and

    J. Such other relief as this Court shall deem just and proper.

Dated: Glen Cove, New York
June 22, 2015

Respectfully submitted,
STEVEN J. MOSER, P.C.

By: Steven J. Moser
3 School Street, Suite 207 B
Glen Cove, New York 11542
(516) 671-1150
F (516) 882-5420
smoser@moseremploymentlaw.com
*Attorneys for Plaintiff*