UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------- X
AUGUSTIN VALLADARES, DANIEL SANCHEZ and  :   Index No.: 15 CV 03398
MARVIN ZALDIVAR,                          :
                                          :
                    Plaintiffs,           :   **VERIFIED ANSWER TO FIRST**
                                          :   **AMENDED COMPLAINT**
        - against -                       :
                                          :
GLEN COVE DINER, LLC, ANDREW VOUTSINAS    :
and BYRON N. VOUTSINAS,                   :
                                          :
                    Defendants.           :
--------------------------------------------------------------------------- X

Defendants GLEN COVE DINER, LLC ("Glen Cove") and BYRON N. VOUTSINAS ("Voutsinas") (collectively referred to as "Defendants") by their attorney, the Law Offices of Michael P. Giampilis, P.C. as and for its answer to the plaintiff's complaint states as follows:

## NATURE OF CLAIM

1. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "1" of the complaint.

2. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "2" of the complaint.

## JURISDICTION

3. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "3" of the complaint. The federal statutes cited by plaintiff speak for themselves.

4. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "4" of the complaint.

1

## PARTIES

5. Defendants deny the allegations contained in paragraph "5" of the complaint.

6. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "6" of the complaint.

7. Defendants deny the allegations contained in paragraph "7" of the complaint.

8. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "8" of the complaint.

9. Defendants deny the allegations contained in paragraph "9" of the complaint.

10. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "10" of the complaint.

11. Defendants deny the allegations contained in paragraph "11" of the complaint.

12. Defendants agree with the statements contained in paragraph "12" of the complaint.

13. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "13" of the complaint. The federal statutes cited by plaintiff speak for themselves.

14. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "14" of the complaint.

15. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "15" of the complaint. The New York Labor Laws ("NYLL") speaks for itself.

16. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "16" of the complaint.

17. Defendants agree with the statements contained in paragraph "17" of the complaint.

18. Defendants agree with the statements contained in paragraph "18" of the complaint.

19. Defendants agree with the statements contained in paragraph "19" of the complaint.

20. Defendants agree with the statements contained in paragraph "20" of the complaint.

21. Defendants agree with the statements contained in paragraph "21" of the complaint.

22. Defendants agree with the statements contained in paragraph "22" of the complaint.

23. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "23" of the complaint.

24. Defendants deny the allegations contained in paragraph "24" of the complaint.

25. Defendants deny the allegations contained in paragraph "25" of the complaint.

26. Defendants agree with the statements contained in paragraph "26" of the complaint.

27. Defendants deny the allegations contained in paragraph "27" of the complaint.

28. Defendants deny the allegations contained in paragraph "28" of the complaint.

## LAW

*Minimum Wage*

29. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "29" of the complaint. The Fair Labor Standards Act ("FLSA") speaks for itself.

30. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "30" of the complaint. The NYLL speaks for itself.

31. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "31" of the complaint. The case law cited by plaintiffs speaks for itself.

32. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "32" of the complaint. The case law and NYLL cited by plaintiff speaks for themselves.

33. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "33" of the complaint. The NYLL speaks for itself.

*Overtime*

34. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "34" of the complaint. The FLSA speaks for itself.

35. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "35" of the complaint. The NYLL speaks for itself.

36. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "36" of the complaint. The FLSA speaks for itself.

*Spread of Hours*

37. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "37" of the complaint.

38. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "38" of the complaint.

39. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "39" of the complaint.

*Deductions from Wages*

40. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "40" of the complaint. The NYLL speaks for itself.

41. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "41" of the complaint.

42. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "42" of the complaint.

43. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "43" of the complaint.

44. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "44" of the complaint. The NYLL speaks for itself.

45. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "45" of the complaint. The NYLL speaks for itself.

*Wage Statements*

46. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "46" of the complaint. The NYLL speaks for itself.

47. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "47" of the complaint. The NYLL speaks for itself.

*Records*

48. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "48" of the complaint. The NYLL speaks for itself.

## FACTUAL ALLEGATIONS

49. Defendants deny the allegations contained in paragraph "49" of the complaint.

*Augustin Valladares*

50. Defendants deny the allegations contained in paragraph "50" of the complaint.

51. Defendants deny the allegations contained in paragraph "51" of the complaint.

5

52. Defendants deny the allegations contained in paragraph "52" of the complaint except that plaintiff was provided clean uniforms free of charge and maintenance costs.

53. Defendants deny the allegations contained in paragraph "53" of the complaint.

54. Defendants deny the allegations contained in paragraph "54" of the complaint except that Defendants maintained proper and accurate hourly records for plaintiff during the period of his employment.

55. Defendants deny the allegations contained in paragraph "55" of the complaint.

56. Defendants deny the allegations contained in paragraph "56" of the complaint.

57. Defendants deny the allegations contained in paragraph "57" of the complaint.

58. Defendants deny the allegations contained in paragraph "58" of the complaint.

***Daniel Sanchez***

59. Defendants deny the allegations contained in paragraph "59" of the complaint.

60. Defendants deny the allegations contained in paragraph "60" of the complaint.

61. Defendants deny the allegations contained in paragraph "61" of the complaint except that plaintiff was provided clean uniforms free of charge and maintenance costs.

62. Defendants deny the allegations contained in paragraph "62" of the complaint.

63. Defendants deny the allegations contained in paragraph "63" of the complaint.

64. Defendants deny the allegations contained in paragraph "64" of the complaint except that Defendants maintained proper and accurate hourly records for plaintiff during the period of his employment.

65. Defendants deny the allegations contained in paragraph "65" of the complaint.

66. Defendants deny the allegations contained in paragraph "66" of the complaint.

67. Defendants deny the allegations contained in paragraph "67" of the complaint.

68. Defendants deny the allegations contained in paragraph "68" of the complaint.

69. Defendants deny the allegations contained in paragraph "69" of the complaint.

*Marvin Zaldivar*

70. Defendants deny the allegations contained in paragraph "70" of the complaint.

71. Defendants deny the allegations contained in paragraph "71" of the complaint except that plaintiff was provided clean uniforms free of charge and maintenance costs.

72. Defendants deny the allegations contained in paragraph "72" of the complaint.

73. Defendants deny the allegations contained in paragraph "73" of the complaint.

74. Defendants deny the allegations contained in paragraph "74" of the complaint except that Defendants maintained proper and accurate hourly records for plaintiff during the period of his employment.

75. Defendants deny the allegations contained in paragraph "75" of the complaint.

76. Defendants deny the allegations contained in paragraph "76" of the complaint.

77. Defendants deny the allegations contained in paragraph "77" of the complaint.

78. Defendants deny the allegations contained in paragraph "78" of the complaint.

79. Defendants deny the allegations contained in paragraph "79" of the complaint.

80. Defendants deny the allegations contained in paragraph "80" of the complaint.

**FIRST CAUSE OF ACTION**
**(Minimum Wages under the Fair Labor Standards Act**
**29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 206 & 216)**

81. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "80" of the complaint.

82. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "82" of the complaint.

83. Defendants deny the allegations contained in paragraph "83" of the complaint.

84. Defendants deny the allegations contained in paragraph "84" of the complaint.

85. Defendants deny the allegations contained in paragraph "85" of the complaint.

## SECOND CAUSE OF ACTION
## Minimum Wages under Article 19 of the New York Labor Law §§ 650 et seq. and the Supporting Regulations

86. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "85" of the complaint.

87. Defendants deny the allegations contained in paragraph "87" of the complaint.

88. Defendants deny the allegations contained in paragraph "88" of the complaint.

89. Defendants deny the allegations contained in paragraph "89" of the complaint.

## THIRD CAUSE OF ACTION
## Overtime Wages under the Fair Labor Standards Act
## 29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)

90. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "89" of the complaint.

91. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "91" of the complaint.

92. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "92" of the complaint.

93. Defendants deny the allegations contained in paragraph "93" of the complaint.

94. Defendants deny the allegations contained in paragraph "94" of the complaint.

95. Defendants deny the allegations contained in paragraph "95" of the complaint.

## FOURTH CAUSE OF ACTION
## Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq. and the Supporting Regulations

96. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "95" of the complaint.

97. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "97" of the complaint.

98. Defendants deny the allegations contained in paragraph "98" of the complaint.

99. Defendants deny the allegations contained in paragraph "99" of the complaint.

## FIFTH CAUSE OF ACTION
## Unlawful Deductions under NYLL § 193 and the Supporting Regulations

100. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "99" of the complaint.

101. Defendants deny the allegations contained in paragraph "101" of the complaint.

102. Defendants deny the allegations contained in paragraph "102" of the complaint.

103. Defendants deny the allegations contained in paragraph "103" of the complaint.

## SIXTH CAUSE OF ACTION
## Spread of Hours under 12 NYCRR §§ 137 & 146

104. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "103" of the complaint.

105. Defendants deny the allegations contained in paragraph "105" of the complaint.

106. Defendants deny the allegations contained in paragraph "106" of the complaint.

107. Defendants deny the allegations contained in paragraph "107" of the complaint.

108. Defendants deny the allegations contained in paragraph "108" of the complaint.

## SEVENTH CAUSE OF ACTION
## Wage Notice Violations under NYLL § 195 and 198

109. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "109" of the complaint.

110. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "111" of the complaint.

111. Defendants deny the allegations contained in paragraph "112" of the complaint.

112. Defendants deny the allegations contained in paragraph "113" of the complaint.

## EIGHTH CAUSE OF ACTION
## Unlawful Deductions under NYLL § 193 and the Supporting Regulations

113. Defendants repeat and reallege its answers to the allegations contained in paragraphs "1" through "113" of the complaint.

114. Defendants neither admit nor deny the truth or falsity of the allegations contained in paragraph "115" of the complaint.

115. Defendants deny the allegations contained in paragraph "116" of the complaint.

116. Defendants deny the allegations contained in paragraph "117" of the complaint.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' wages were fully paid for the entire period of their employment.

## THIRD AFFIRMATIVE DEFENSE

Defendants are not liable to plaintiffs, or in the alternative plaintiffs' claims should be reduced and the Defendants are entitled to a setoff for all wages paid to plaintiff during his employment claimed in the complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' wages, including minimum wage, overtime pay and spread of hours pay claimed in the complaint were fully paid in accordance with the Federal Labor Standards Act and New York State Labor Laws.

## FIFTH AFFIRMATIVE DEFENSE

The causes of action asserted in the complaint are barred, in whole or in part, by the doctrines of unclean hands and bad faith conduct.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by fraud and/or misrepresentation.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants' actions were at all times proper and in good faith.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs did not work at Defendants' place of business for the period claimed in the complaint. As such, no unpaid wages are due Plaintiffs.

## AS AND FOR A FIRST CROSS CLAIM AGAINST CO-DEFENDANT ANDREW VOUTSINAS

If the plaintiff does recover any of the damages alleged in the plaintiffs' complaint, and if it is found that the answering Defendants, GLEN COVE DINER, LLC and BYRON N. VOUTSINAS are liable to plaintiffs herein, all of which is specifically denied, then said answering Defendants are entitled to indemnification from and judgment over and against co-defendant ANDREW VOUTSINAS for fifty (50%) percent of any settlement, verdict or judgment that Plaintiffs may recover against said answering Defendants based on Defendant Andrew Voutsinas' fifty (50%) percent interest in the Glen Cover Diner operating out of 187 Glen Street, Glen Cove, New York 11542.

11

## RESERVATION OF RIGHTS

Defendants hereby give notice to plaintiffs as stated in their Answer that they lack sufficient knowledge or information upon which to form a belief as to the truth of certain allegations contained in the plaintiffs' complaint or specific knowledge of actions on the part of plaintiffs or other persons that contributed to or caused plaintiffs' alleged damages. Until Defendants avail themselves of their right of discovery, it cannot be determined whether or not the above stated Affirmative Defenses will be asserted at trial. Defendants assert these defenses in their Answer in order to preserve their right to assert these affirmative defenses at trial and to give plaintiffs notice of their intention to assert these defenses and avoid waiver of any defenses.

Defendants therefore hereby reserve the right to add additional affirmative defenses as may become known during the course of discovery.

WHEREFORE, Defendants demand judgment dismissing plaintiffs' complaint in its entirety, with an award of costs, disbursements and reasonable attorneys' fees, together with such other and further relief as to this Court seems just and proper.

Dated: August 14, 2015
Mineola, New York

                                      LAW OFFICES OF
                                      MICHAEL P. GIAMPILIS, P.C.

                                      By: Michael P. Giampilis (MG3386)
                                      Attorney for Defendants GLEN COVE
                                      DINER, LLC and BYRON N.
                                      VOUTSINAS
                                      94 Willis Avenue
                                      Mineola, New York 11501
                                      (516) 739-5838

(516) 739-8225 fax
mgiampilis@giampilislaw.com

To: Steven J. Moser (SM1133)
STEVEN J. MOSER, P.C.
Attorneys for Plaintiff
Three School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150
(516) 882-5420 fax
smoser@moseremploymentlaw.com

## VERIFICATION

STATE OF NEW YORK        }
COUNTY OF NASSAU         } ss:.

BYRON VOUTSINAS, being duly sworn deposes and says that:

Your deponent is a named defendant in the within action. Your deponent has read the foregoing Answer, knows the contents thereof and that the same is true based on your deponent's own knowledge and information. The grounds of my knowledge are my personal knowledge and a review of relevant books and records.

BYRON VOUTSINAS

Sworn to before me, this
13th day of August, 2015

Notary Public

MICHAEL P. GIAMPILIS
Notary Public, State Of New York
No. 02GI6086632
Qualified In Queens County
Commission Expires January 27, 2015

## VERIFICATION

STATE OF NEW YORK     }
COUNTY OF NASSAU      } ss:.

   BYRON VOUTSINAS, being duly sworn deposes and says that:

Your deponent is an officer of GLEN COVE DINER, LLC, a domestic limited liability company and defendant in the within action. Your deponent has read the foregoing Answer, knows the contents thereof and that the same is true based on your deponent's own knowledge and information. This verification is made by me because the above party is a corporation and I am an officer thereof. The grounds of my knowledge are my personal knowledge and a review of relevant books and records of the corporation.

_____
BYRON VOUTSINAS

Sworn to before me, this
13th day of August, 2015

_____
Notary Public

MICHAEL P. GIAMPILIS
Notary Public, State Of New York
No. 02GI6086632
Qualified In Queens County
Commission Expires January 27, 2015

10