# MOSER LAW FIRM, P.C.

STEVEN J. MOSER, ESQ.  
smoser@moseremploymentlaw.com

3 SCHOOL STREET, SUITE 207B  
GLEN COVE, NEW YORK 11542

TEL (516) 671.1150  
FAX (516) 882-5420

May 27, 2019

**VIA ECF**

Hon. Anne Y. Shields, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: *Valladares v. Glen Cove Diner,* 15-cv-3398

Dear Judge Shields:

For the reasons stated herein I request permission to be relieved as counsel for Plaintiff Daniel Sanchez. I also seek reconsideration of the Court's April 24, 2019 ruing with regard to (1) whether Defendants are required to produce records of payments made to Plaintiff Daniel Sanchez and (2) the scope of the additional deposition of Byron Voutsinas.

## Motion to Be Relieved as Counsel

Pursuant to Local Civil Rule 1.4 which governs withdrawal of attorneys, "[a]n attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." Satisfactory reasons include "a client's lack of cooperation—including lack of communication—with counsel, and the existence of an irreconcilable conflict between attorney and client." *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.* (*DAB*), No. 01 Civ. 2950 (DAB), 2005 U.S. Dist. LEXIS 17008, at *4 (S.D.N.Y. Aug. 12, 2005) (internal quotation marks omitted); *see also Ashmore v. Cgi Grp., Inc.* (*AT*), No. 11 Civ. 8611 (AT), 2014 U.S. Dist. LEXIS 51618, at *2 (S.D.N.Y. Apr. 7, 2014) (a breakdown of the attorney-client relationship is sufficient grounds for withdrawal); *Winkfield v. Kirschenbaum & Phillips, P.C.* (*JMF)*, No. 12 Civ. 7424 (JMF), 2013 U.S. Dist. LEXIS 12093, at *3-4 (S.D.N.Y. Jan. 29, 2013) (irreconcilable differences constitute a satisfactory reason for withdrawal).

In this case, despite numerous attempts to meet with Mr. Sanchez, he has indicated that he is unwilling to discuss the case with his counsel. In preparing documents for his review and signature, he has directed our office to mail such documents to his current employer, the Glen Cove Diner. Shortly after Mr. Sanchez' deposition, counsel for the Defendants sent me a document ostensibly obtained from Mr. Sanchez by Glen Cove Diner directing me to cease work on this matter.

*Valladares v. Glen Cove Diner*, 15-cv-3398 (JFB)(AYS)
Letter Motion to Be Relieved as Counsel for Daniel Sanchez
May 27, 2019
Page 2 of 3

   In light of the foregoing, I request that I be relieved as counsel for Daniel Sanchez only.

### Reconsideration and Renewal of Motion to Compel

   I also seek reconsideration of the Court's rulings with regard to (1) whether Defendants are required to produce records of payments made to Plaintiff Daniel Sanchez and (2) the scope of the additional deposition of Byron Voutsinas.

   As previously mentioned, shortly after Mr. Sanchez' deposition, counsel for the Defendants sent me a document ostensibly obtained from Mr. Sanchez by Glen Cove Diner directing me to cease work on this matter. At Sanchez's deposition, Defense counsel specifically asked Sanchez, "Do you realize that the amount of money that's being requested in this lawsuit might put Glen Cove Diner out of business?", and whether he was aware that "aware that everybody would lose their job if that happened?" Byron Voutsinas could not recall whether he spoke to Mr. Sanchez more than 50 times about this lawsuit. Mr. Voutsinas acknowledged telling Mr. Sanchez that "if he continues with the lawsuit [,] Glen Cove Diner may go bankrupt and [Sanchez] may be out of work."

   The Court has granted leave to conduct a limited deposition of Byron Voutsinas concerning "whether Defendants reached an out of court settlement with Plaintiff Sanchez." See ECF No. 53. The Plaintiff previously moved to compel production of "[a]ll documents concerning payments made to any plaintiff by [defendants] or [their representative] at any time from the commencement of this action (June 11, 2015) to the present time, including, but not limited to, wage statements, copies of cancelled checks, and documents signed or initialed by any plaintiff acknowledging receipt of payment." The court, in its March 13, 2019 minute order ruled that this Document Request No. 10 would "be held in abeyance pending Mr. Sanchez's status in this litigation." ECF No. 47.

   In light of the scope of the deposition permitted by the court, the Document Request is relevant and in fact essential to determine the full extent of payments to the Plaintiff Sanchez from the Defendants. Therefore, Plaintiffs renew their request for an order compelling the Defendants to respond to document request No. 10 within 10 business days.

   Also, considering the unusual statements made by Defendant's counsel and Voutsinas to Sanchez – namely that the diner would go bankrupt and he would be out of work if he continued his lawsuit, I renew the request to a deposition of broader scope. Plaintiff's counsel should, at the very least, be permitted to explore the veracity of the statements made.

   It should also be noted that no 30(b)(6) deposition of the Glen Cove Diner, a party to this litigation, was ever taken. A "30(b)(6) deposition of a witness is a separate deposition from the deposition of that same person as an individual witness and is presumptively subject to a separate, independent seven-hour time limit." *Sabre v. First Dominion Capital, L.L.C.* (*HBP*), No. 01 Civ. 2145 (BSJ)(HBP), 2001 U.S. Dist. LEXIS 20637, at *4 (S.D.N.Y. Dec. 10, 2001). While Plaintiff's counsel does not anticipate the need to depose the Glen Cove Diner for a full seven

*Valladares v. Glen Cove Diner*, 15-cv-3398 (JFB)(AYS)
Letter Motion to Be Relieved as Counsel for Daniel Sanchez
May 27, 2019
Page 3 of 3

hours, the Rules expressly permit a 30(b)(6) deposition of a corporate entity, even where the person produced on behalf of the entity has previously been deposed as an individual defendant.

## CONCLUSION

For the foregoing reasons Plaintiffs request that the Defendants Byron Voutsinas and Glen Cove Diner, LLC be directed to Document Request No. 10 within 10 business days, and that the deposition of Glen Cove Diner be permitted to go forward under the Federal Rules of Civil Procedure.

Respectfully,

*Steven J. Moser*

Steven J. Moser