

Steven J. Moser
516-671-1150
steven.moser@moserlawfirm.com

March 2, 2021

Hon. Anne Y. Shields, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

Re:   *Valladares v. Glen Cove Diner, LLC,* 15-cv-3398

Dear Judge Shields:

I represent the Plaintiffs Agustin Valladares and Marvin Zaldivar in the above referenced action.  On September 28, 2020 the parties reached a settlement following a mediation with Patrick McKenna, a member of the E.D.N.Y. Mediation Panel.

By this letter, the Plaintiffs move for court approval of the settlement agreement, attached hereto as Exhibit 1, which to date the Defendants have refused to sign, direct that all parties execute the agreement and affidavit of confession of judgment annexed hereto as Exhibit 2, within 1 week of this Court's order, and dismiss this action.

## Background

Plaintiffs Daniel Sanchez, Agustin Valladares and Marvin Zaldivar brought this action seeking to recover *inter alia* unpaid overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA") and the New York Labor Law ("NYLL").   Therefore, court approval of the settlement is required.

This action was commenced on June 11, 2015.  A detailed history of this case is beyond the scope of this brief letter.  However, the parties engaged in full discovery.  Shortly after the deposition of Daniel Sanchez, counsel for the Defendants produced a document ostensibly obtained from Mr. Sanchez by the Glen Cove Diner directing Plaintiff's counsel to cease work on Mr. Sanchez's case.  On May 27, 2019 I moved to withdraw from the representation of Mr. Sanchez (See ECF No. 54).  By docket order dated June 21, 2019 the Court granted the motion to withdraw, and ordered as follows: "Mr. Sanchez is afforded thirty days (30) to obtain new counsel or to notify the Court that he no longer wants to proceed with this action."  The order was served on Mr. Sanchez on June 28, 2019 (See ECF No. 57).

As of the date of this letter, Mr. Sanchez has not communicated with the Court.



On September 28, 2020 the parties reached a settlement in a mediation with Michael McKenna, a member of the EDNY Mediation Panel. Until November 9, 2020, the attorneys for the respective parties were working on finalizing the terms of a settlement agreement. On that date, I sent to Mr. Michael Giampilis a proposed Settlement Agreement and Affidavit of Confession of Judgment annexed hereto as Exhibit 1. No response was received. On December 10, 2020 I emailed Mr. Giampilis as I had not heard back from him. He did not respond. Again, on January 19, 2021 I emailed Mr. Giampilis asking him to respond to the most recent proposed settlement. Again, he did not respond. On February 2, 2021 I emailed Mr. Giampilis, advising him that if I did not hear back from him, I would be seeking judicial intervention. Again, no response was received. On February 16, 2021 I left a message with Mr. Giampilis' office to call me back immediately. As of the date of this letter, I have not received a call back.

### **Settlement**

As part of the settlement, the Attorneys for the parties agreed to execute and submit a Notice, Consent and Reference of this action to Magistrate Judge Anne Y. Shields. *See* Settlement Agreement, ¶ 5.

The Parties have agreed to resolve this action for the total sum of $42,000.00, $10,000.00 of which is to be paid within 30 days of court approval of the settlement, followed by 16 equal monthly payments of $2,000.00. *See* Settlement Agreement, ¶ 1. However, if the Defendants pay the entire balance within 120 days of court approval, the total settlement amount will be reduced to $40,000.00. *Id.* The proposed settlement will be apportioned as follows: $4,000.00 to Marvin Zaldivar, $24,000.00 to Agustin Valladares, and $14,000.00 in attorneys' fees and costs payable to the Moser Law Firm, P.C. *Id.* However, if the Defendants pay the reduced settlement amount of $40,000.00, the proposed settlement will be apportioned as follows: $3,809.53 to Plaintiff Marvin Zaldivar, $22,857.14 to Plaintiff Agustin Valladares, and $13,333.33 to the Moser Law Firm, P.C. as attorneys' fees and costs. *Id.*

The value of the Plaintiff's NYLL claims need not be considered by the court in determining the fairness of a settlement because the parties may settle NYLL claims without judicial approval. *Gallardo v. PS Chicken Inc.,* 285 F. Supp. 3d 549, 553 (E.D.N.Y. 2018); *Hotaranu v. Star Nissan Inc.,* No. 16 CV 5320 (KAM) (RML), 2018 U.S. Dist. LEXIS 34594, at *2 (E.D.N.Y. Feb. 27, 2018); *Yunda v. SAFI-G, Inc.*, 2017 U.S. Dist. LEXIS 65088, at *4 (S.D.N.Y. Apr. 28, 2017).

**Marvin Zaldivar** alleged that he was employed from December 5, 2012 until May 5, 2013. He alleges that during this time period he worked 85 hours each week, and is entitled to $8,772.95 in overtime. Defendants produced evidence that Mr. Zaldivar was not employed within the three-year period prior to the filing of the complaint, and that he was employed for a relatively brief period of time. As previously mentioned, this action was commenced on June 11, 2015. Defendants produced documentary evidence showing that the restaurant opened in April 2011, and that Mr. Zaldivar suffered an on-the-job injury on May 13, 2011, following which he



_____
March 2, 2021
Page 3 of 5

was not employed.  Upon review of the documentation provided by the Defendants, Mr. Zaldivar acknowledges that he was not employed during the three-year period preceding the date of commencement, and therefor has no claims for unpaid overtime under the FLSA.  Nevertheless, under the proposed settlement, Mr. Zaldivar will receive either $4,000.00 or a reduced amount of $3,809.53.

**Agustin Valladares** alleged that he was employed from September 1, 2012 until December 30, 2013.  During this period he is claiming that he is owed $6,428.57 in overtime wages.  Mr. Valladares' claims under the New York Labor law include claims for unlawful uniform cleaning deductions ($2,714.29),  wage statement violations ($2,500.00) and wage notice violations ($2,500.00).   Assuming that Mr. Valladares prevails on his claims, the maximum he would be entitled to is $23,285.71.  Under the settlement, Mr. Valladares will receive either $24,000.00 or a reduced amount of $22,857.14.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, L.L.C.*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quoting *Crabtree v. Volkert*, Inc., 2013, at *3 (S.D.Ala. Feb. 14, 2013)).   "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Le v. SITA Info. Networking Computing USA*, Inc., 2008, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Barnett v. Conn. Light & Power Co., 90*0 F. Supp. 2d 224, 225 (D. Conn. 2012) (quoting Barn*ett v. Conn. Light & Power Co. (VLB), C*IV*I*L ACTION NO. 3:11-cv-1037 (VLB), 2010 WL 3000028, at *1 (D. Conn. Sept. 28, 2012)).

The Agreement is fair to the Plaintiffs.  The Plaintiffs have been represented by counsel throughout this lawsuit and have made an informed decision to settle the action prior to trial, without incurring further costs or encumbrance of a trial and a possible appeal.  The settlement is reasonable in light of the range of possible recovery, the litigation risks faced, as well as the further delay associated with a trial and potential appeal.  In fact, the settlement compensates each Plaintiff for an amount in excess of his respective damages under the FLSA.

The Agreement is the product of arm's-length bargaining between experienced counsel that took place after significant discovery, and as a result of a mediation supervised by an EDNY panel mediator.  Thus, there is a presumption of fairness and no suggestion of fraud or collusion between the parties or their counsel. *See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (A "presumption of fairness, adequacy and reasonableness may attach to a settlement reached in an arm's length negotiations between experienced, capable counsel after

Case 2:15-cv-03398-RRM-AYS Document 59 Filed 03/02/21 Page 4 of 5 PageID #: 251



MOSER LAW FIRM, P.C.

_____
March 2, 2021
Page 4 of 5

meaningful discovery."). Since the Agreement reflects a reasonable compromise over issues that were vigorously contested, the Court should approve the settlement. *See Hernandez v. Merrill Lynch & Co., No.* 11 Civ. 8472 (KBF) (DCF), 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement.") (citation omitted).

Furthermore, a number of courts have found that the involvement of an experienced mediator in crafting a settlement indicates that the negotiations leading to the settlement were procedurally fair. *See, e.g., Fleisher v. Phx. Life Ins. Co.,* No. 14-cv-8714 (CM), 2015 U.S. Dist. LEXIS 121574, 2015 WL 10847814, at *1 (S.D.N.Y. Sept. 9, 2015) ("The extensive participation of an experienced mediator also reinforces that the Settlement Agreement is non-collusive.") (citations and internal quotation marks omitted); *Romero v. La Revise Assocs., L.L.C.,* 58 F. Supp. 3d 411, 420 (S.D.N.Y. 2014) (highlighting involvement of experienced mediator in finding a presumption of procedural fairness); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 618 (S.D.N.Y. 2012) ("The involvement of Ruth D. Raisfeld, Esq., an experienced and well-known employment and class action mediator, is also a strong indicator of procedural fairness.")

Finally, the Agreement also complies with the Second Circuit's decision in *Cheeks* and because it does not contain any confidentiality provision or overbroad release. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14-CV-2824 (SIL), 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (finding that Cheeks highlighted the potential for abuse in settlements with overbroad general releases and confidentiality provisions).

### **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiff's counsel will receive one-third of the settlement amount (either $14,000.00 or a reduced amount of $13,333.33) in attorneys' fees and costs.

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Coleman v. DeFranco Pharm., Inc.*, No. 17 Civ. 8340 (HBP), 2018 U.S. Dist. LEXIS 129140, at *6 (S.D.N.Y. Aug. 1, 2018) (compiling cases); *see also Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-CV-6126 (NGG) (VMS), 2014 U.S. Dist. LEXIS 164069, at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc., 26*4 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

5 E MAIN STREET, HUNTINGTON„ NY 11743
WWW.MOSEREMPLOYMENTLAW.COM



MOSER LAW FIRM, P.C.

_____
March 2, 2021
Page 5 of 5

### **Conclusion**

In full consideration of the issues presented in *Cheeks*, we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.

Respectfully submitted

*/s/ Steven J. Moser*

Steven John Moser