**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Agreement") is made as of the ____ day of March 2021, between and among Augustin Valladares and Marvin Zaldivar ("Plaintiffs"), and Glen Cove Diner, LLC and Byron N. Voutsinas, ("Defendants");

**WHEREAS**, on June 11, 2015, Plaintiffs filed a Complaint against Defendants in the United States District Court for the Eastern District of New York, encaptioned *Augustin Valladares, Daniel Sanchez and Marvin Zaldivar v. Glen Cove Diner, LLC, d/b/a Glen Cove Diner, Andrew Voutsinas and Byron Voutsinas,* Docket No. 15-cv-3398 (the "Action") in which Plaintiffs asserted violations of the Fair Labor Standards Act of 1938 ("FLSA"), and the New York State Labor Law for the alleged underpayment of premium overtime wages under the FLSA and New York State Labor Law, spread of hours wages under New York State Labor Law and for statutory damages under the New York Wage Theft Prevention Act.

**WHEREAS**, Defendants deny the allegations raised in the Action in their entirety;

**WHEREAS**, Plaintiffs and Defendants wish to avoid the uncertainties and expense of future proceedings in this matter and desire to forego any and all future litigation, and in that light attended a settlement conference before court appointed mediator Patrick Michael McKenna, on September 28, 2020, where they negotiated a resolution to the action, and now wish to reduce their resolution to writing as follows:

1. **Consideration to be provided to Plaintiffs.**

Subject to the approval of this Agreement by the Court, and in consideration for the promises made by Plaintiffs set forth in this Agreement, Defendants agree to pay Plaintiffs within thirty (30) days of the Court's approval of this Agreement, a first payment in the amount of $10,000.00 to be delivered by Defendants to the Moser Law Firm, P.C., 5 E. Main Street,

1

Huntington, NY 11743, followed by sixteen (16) subsequent monthly payments of $2,000.00 due on the same numerical date as the date of the first payment, i.e., if the first payment was made on the fifteenth (15th) of the month then all subsequent payments will be due on the fifteenth (15th) of the month too. All payments shall be payable to "Moser Law Firm, P.C., as Attorneys". The total settlement amount under this payment plan is $42,000. It is agreed by the parties however, that if Defendants are able to make payment in the sum total of $40,000 within the first 120 days after the court's approval of this Agreement, then the total settlement amount will be $40,000, and nothing more.

Any payments made by Defendants to Plaintiffs under this Agreement shall hereafter be referred to as "Settlement Payment(s)". The settlement amount shall be distributed by Plaintiff's counsel as follows: $4,000.00 to the Plaintiff Marvin Zaldivar, $24,000.00 to the Plaintiff Agustin Valladares, and $14,000.00 to the Moser Law Firm, P.C. as attorneys' fees and costs. However, if the Defendants pay the reduced settlement amount of $40,000.00 within 120 days, the settlement amount shall be distributed as follows: $3,809.53 to Plaintiff Marvin Zaldivar, $22,857.14 to Plaintiff Agustin Valladares, and $13,333.33 to the Moser Law Firm, P.C. as attorneys' fees and costs.

In the event of a disruption of Glen Cove Diner's business by New York State law, executive order or proclamation limiting the interior seating capacity for Nassau County restaurants by less than 50% due to the current COVID-19 pandemic, then all payments under this Agreement shall cease until the interior seating capacity is again raised to 50% or more. Defendants represent that no such executive order or proclamation is in effect as of the date of the execution of this agreement.

Plaintiffs assume full responsibility for their respective portion of any and all federal, state and local taxes or contributions regarding the Settlement Payment made by Defendants to Plaintiffs, which may hereafter be imposed or required to be paid by Plaintiffs under any federal or state laws of any kind.

In the event that Defendants fail to pay the Settlement Payment(s) when due as set forth herein, Plaintiffs' counsel shall send a notice of default to Defendants' counsel via US Mail and e-mail at mgiampilis@giampilislaw.com. Defendants shall have ten (10) calendar days from the date of said notice to cure default(the "Cure Period"). In the event that payment is not made within the Cure Period, Plaintiff shall be entitled to file the Confession of Judgment in the form attached hereto as Exhibit A, and to enter judgment against Defendants in the amount of $42,000.00. Plaintiff's counsel shall hold the Confession of Judgment in escrow pending payment in full of the Settlement Agreement.

**2.** **Release**

a. In consideration for the payments to be provided pursuant to Paragraph 1 above, Plaintiffs, for themselves and for their heirs, executors, administrators, trustees, legal representatives, successors and assigns (hereinafter referred to collectively as "Releasors"), forever release and discharge the Defendants, their parents, subsidiaries, affiliates, officers, directors, employees, heirs, executors, administrators, trustees, legal representatives, successors and assigns, from any and all claims, demands, causes of action, fees and liabilities arising under the Fair Labor Standards Act of 1938 and the New York State Labor Law for the nonpayment or underpayment of wages, benefits or other compensation and for violations of the New York Wage Theft Prevention Act, whether known or unknown, from the beginning of the world up to and including the execution date of this Agreement. Those claims released include, but are not limited

to claims for alleged unpaid wages, lost wages, benefits or other compensation, liquidated damages, statutory penalties or interest, attorneys' fees, costs, breach of contract (express or implied) with respect to the payment of wages, unjust enrichment with respect to the payment of wages, retaliation or wrongful discharge under the Fair Labor Standards Act of 1938 of the New York State Labor Law with respect to a complaint about wages, unpaid or underpaid rest or meal breaks, spread of hours compensation, uniform cleaning allowances, call-in pay, and recordkeeping.

      b. <u>No Re-Employment</u>: Plaintiffs agree and promise not to seek re-employment with Defendants, or any of its parents, subsidiaries, divisions, or affiliates at any time. Plaintiffs further agree and acknowledge that this Agreement shall constitute good and sufficient cause on which Defendants may reject any application for re-employment by Plaintiffs or on their behalf and that such rejection would not constitute a violation of any law.

      c. <u>No Other Claims</u>: The Plaintiffs represent that they have not filed any complaints or charges against the Defendants with any local, state or federal agency or court.

**3.**       **<u>Filing of Stipulation of Discontinuance and Court Approval</u>**

Upon the execution of this Agreement, counsel for both parties agree to execute a Stipulation of Discontinuance with Prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and to submit said stipulation and this Agreement to the Court for its approval in accordance with applicable law. Should the Court not approve of the Agreement, the Agreement shall become null and void in all respects unless modified by the Court with the joint approval of the parties' counsel.

**4.**       **<u>Consent to Trial by Magistrate</u>**

Contemporaneously with the execution of this agreement, the Attorney's for the parties shall execute and submit a Notice, Consent and Reference of this action to Magistrate Judge Anne Y. Shields.

5. **No Admission of Liability**

The parties hereby agree and acknowledge that nothing contained in the Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by Defendants. Defendants expressly deny that they engaged in any wrongdoing of any kind with respect to Plaintiff.

6. **Governing Law and Interpretation**

The Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question, as both parties had equal opportunity to draft and negotiate the language of the Agreement.

7. **Severability**

Should any part of the Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

8. **Disputes; Damages**

In the event of a dispute as to the interpretation, application, or violation of the Agreement, it is understood and agreed that such dispute shall be resolved before the Court trying the Action

5

and, in that light, all parties waive any defenses to any such dispute based upon personal or subject matter jurisdiction, and agree that the Court shall retain continuing jurisdiction over this Action for the purposes of any such dispute. In any dispute concerning an alleged breach of the Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs.

9.  **Entire Agreement**

The parties agree that this Agreement represents the complete understanding between the parties and no other promises or agreements shall be binding unless in writing and signed by the parties. This is an all-inclusive Agreement and the parties agree that there are no other written, oral, and/or implied representations, promises, or agreements that exist between them.

10. **Modifications and Amendments**

The Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by Plaintiff and Defendants.

11. **Voluntary Agreement**

Plaintiffs agree and affirm that:

    a.    They have had the opportunity to read and review the terms of this Agreement;

    b.    They have been advised by their attorney prior to executing this Agreement;

    c.    They have been given a reasonable time to consider their rights and obligations under this Agreement;

    d.    This Agreement is legally binding, and by signing it, they understand that they are giving up certain rights, including their right to pursue the claims raised

in the underlying lawsuit they filed with the United State District Court, Eastern District of New York;

    e. No promise or representation of any kind or character has been made by any of the Defendants or by anyone acting on their behalf to induce this Agreement, and that they have not been forced or pressured in any way to sign this Agreement;

    f. They knowingly and voluntarily agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

    g. They been provided a verbal translation of the Agreement in Spanish.

    h. This Agreement, when signed by all Parties, shall constitute the entire understanding and agreement between the Parties and supersedes and cancels any and all prior oral and written agreements, if any, between and among them.

**12.** **Counterparts / Electronic Transmissions**

This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. The parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiff and Defendants have signed the same instrument. Any Party may execute this Agreement by physically signing on the designated signature block below and transmitting that signature page *via* facsimile and/or email to counsel for the other Party. Any signature made and transmitted by facsimile and/or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

**WHEREFORE**, the parties hereto have voluntarily caused this Agreement to be signed as of the day and dates indicated below.

| MARVIN ZALDIVAR | AUGUSTIN VALLADARES |
|---|---|
| Signature: _____ | Signature: _____ |
| Date: _____ | Date: _____ |

BYRON VOUTSINAS

Signature: _____
Date: _____

GLEN COVE DINER, LLC

Name and Title: _____, _____
Signature: _____
Date: _____

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AUGUSTIN VALLADARES, DANIEL SANCHEZ and MARVIN ZALDIVAR,<br><br>                                   Plaintiffs,<br><br>- *against* -<br><br>GLEN COVE DINER, LLC, d/b/a GLEN COVE DINER, ANDREW VOUTSINAS and BYRON N. VOUTSINAS,<br><br>                                   Defendants. | Case No.: 15-cv-03398 (RMM)(AYS)<br><br>**STIPULATION OF DISMISSAL** |

    **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel of record for Plaintiff and Defendants that any and all claims asserted by Plaintiffs Augustin Valladares and Marvin Zaldivar in the above entitled action are hereby discontinued and dismissed, with prejudice, as against Defendants, without costs or attorneys' fees to any party as against another.

Dated: March ___, 2021           Dated: March ___, 2021
   Mineola, New York             Huntington, New York

_____           _____
                     Steven J. Moser, Esq.
                     Moser Law Firm, P.C.
                     5 E. Main Street
                     Huntington, NY  11743
                     (631) 824-0200
*Attorneys for Defendants*           *Attorneys for Plaintiff*

              **SO ORDERED:**

            _____
            **HONORABLE ANNE Y. SHIELDS**
            **UNITED STATES MAGISTRATE JUDGE**